IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LAMOUNT CORTEZ DORITY,              )
                                    )
            Petitioner,              )
                                    )
v.                                   )   Case No. CIV-15-30-D
                                    )
TERRY ROYAL, Warden,[1]              )
                                    )
            Respondent.              )

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 26] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied. After multiple extensions of the deadline to object, Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus with respect to a 2012 conviction of trafficking in a controlled dangerous substance (cocaine base) and a 22-year prison sentence. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on direct appeal. In his Report,

---

[1] In view of Petitioner's recent notice of his transfer to the Oklahoma State Penitentiary at McAlester, Oklahoma, the warden at his place of confinement is substituted as the proper respondent.

Judge Erwin conducts a careful examination of Petitioner's claims in light of Respondent's answer and the relevant state court record, and finds that the OCCA reasonably applied clearly established federal law when it denied Petitioner's constitutional claims on the merits and that the OCCA reasonably determined the facts pertinent to Petitioner's claims. Judge Erwin thus concludes that Petitioner is not entitled to federal habeas relief.

Liberally construing the *pro se* arguments presented in the Objection, Petitioner addresses two of his federal constitutional claims: 1) his due process claim in ground one based on the loss or destruction of an audiotape recording of a telephone conversation between a cooperating witness and Petitioner; and 2) his due process claim in ground two based on the omission of a jury instruction regarding entrapment. Review of all other issues is waived. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon *de novo* consideration, the Court fully concurs in Judge Erwin's analysis. Petitioner asks the Court to find merit in his due process claims, but he fails to address the requirement for obtaining federal habeas relief under 28 U.S.C. § 2254(d). The standards of decision under this statutory provision are accurately stated in the Report and need not be repeated. Simply stated, the Court must conduct a deferential review of the OCCA's decision on the merits of Petitioner's constitutional claims.

Applying these standards to Petitioner's claims in light of the record, the OCCA's decision, and controlling case law, the Court finds that Judge Erwin is correct in his conclusion that Petitioner has not shown a basis for federal habeas relief. The Court

cannot add meaningfully to Judge Erwin's discussion and, therefore, adopts the Report and Recommendation in its entirety, as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 26] is ADOPTED, and the Petition [Doc. No. 1] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 22nd day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE